IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ELECTRONICALLY FILED

| | | |
|---|---|---|
| STEPHANIE NEWTON, | ) | |
| | ) | Civil Action No.:   3:20CV-711-CHB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMAZON.COM SERVICES, LLC, | ) | |
| AMAZON.COM SERVICES, INC., | ) | |
| REED GROUP MANAGEMENT, LLC, | ) | |
| REED GROUP, LTD. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants Amazon.com Services, LLC, and Amazon.com Services, Inc. (collectively, "Amazon"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby provide notice of the removal of the above-captioned case from the Nelson Circuit Court of the Commonwealth of Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division.  The grounds for removal are as follows:

### Proceedings in the State Court Action

1.      On or about September 18, 2020, Stephanie Newton ("Plaintiff"), commenced this action by filing a Complaint in the Nelson County Circuit Court of the Commonwealth of Kentucky captioned *Stephanie Newton v. Amazon.com Services, LLC, et al.* and the case was given Civil Action No. 20-CI-00448. (*See* Pl. Compl., attached as **Exhibit 1**). Plaintiff's Complaint claims benefits and/or to enforce rights provided pursuant to and arising out of an employee welfare benefit plan that is part of an employee benefit plan available to her as an

employee of Amazon. (*See id.* at ¶¶ 11-15). Such benefits, if any be due Plaintiff, were provided pursuant to an employee welfare benefit plan, fund, or program which was designed and intended to qualify under the requirements of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, as amended ("ERISA").

2. Copies of the Complaint and summons were served upon Amazon via the Kentucky Secretary of State on September 23, 2020. No other pleadings or papers have been filed in this litigation. A copy of the state court docket is attached hereto as **Exhibit 2**.

3. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of the service upon Amazon of the Complaint and summons. Since Amazon is filing this Notice on October 22, 2020, removal is timely.

4. Concurrent with the filing of this Notice, Amazon is serving this Notice on Plaintiff's counsel and filing a copy of the Notice with the Clerk of the Nelson County Circuit Court in Commonwealth of Kentucky.

## Venue and Jurisdiction

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 90(a)(2) and 1441(a), because the United States District Court for the Western District of Kentucky, Louisville Division, is the federal judicial district and division embracing the Nelson County Circuit Court at the Commonwealth of Kentucky, where this action was originally filed.

6. This Court also holds subject matter jurisdiction of this matter under 28 U.S.C. § 1331 as Plaintiff's sole cause of action in the Complaint involves a question of federal law.

## Basis for Removal

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331,

which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8.     As noted above, Plaintiff's Complaint claims benefits and/or seeks to enforce rights provided pursuant to and arising out of an employee welfare benefit plan pursuant to an employee welfare benefit plan, fund, or program which was designed and intended to qualify under the requirements of ERISA.

9.     A cause of action filed in state court which is preempted by ERISA and comes under the scope of § 502(a)(1) is removable to federal court under 28 U.S.C. § 1441(b) as an action arising under federal law even though the Complaint makes no reference to ERISA or a federal question. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). To the extent Plaintiff alleges state law claims to recover Short Term Disability ("STD") benefits in her Complaint, ERISA preempts those state claims and provides the exclusive federal remedies for resolution of claims by employee benefit plan participants and beneficiaries relating to the plan. *See* ERISA §502(a)(1)(B); 29 U.S.C. § 1132(a)(1)(B); *Pilot Life Ins. Co. v. Dedeux*, 481 U.S. 41 (1987) (overruled in part on other grounds).

10.     Indeed, the United States Supreme Court has long noted:

> [W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state law claim can be removed. This is so because [w]hen the federal statute completely pre-empts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. ERISA is one of these statutes.

*Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004).

11.     If, as reflected in Plaintiff's claims in this case, all of an employee's claims asserted against a plan insurer depend on a breach of the ERISA plan and that plan is the basis and source for payment of the benefits claimed in the lawsuit, there is no duty independent of

ERISA to pay.  *See, e.g.*, *Davila*, 542 U.S. at 213 (finding "no other legal duty" test satisfied where defendants' potential liability "derives entirely from the particular rights and obligations established by the benefit plans," such that the plaintiffs' "causes of action are not entirely independent of the federally regulated contract itself"); *Borrero v. United Healthcare of New York, Inc.*, 610 F.3d 1296, 1304 (11th Cir. 2010) (finding no independent legal duty, notwithstanding plaintiffs' argument that their contract claims turned on state law rather than ERISA, because "the content of the claims necessarily requires the court to inquire into aspects of the ERISA plans," in that those claims concern "wrongfully denied benefits based on determinations of medical necessity" and "relate directly to the coverage afforded by the ERISA plans").

12.     Therefore, Plaintiff's claims completely arise under the federal ERISA statute and this Court may exercise subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *See Milby v. Liberty Life Assurance Co.*, 102 F. Supp. 3d 922, 928 (W.D. Ky. 2015)("ERISA is a federal statute, and absent clear legislative intent to the contrary, its terms must be interpreted and applied by reference to federal law.").

<u>**All Removal Requirements Are Satisfied**</u>

13.     For purposes of removal based on federal question under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

14.     Defendants Reed Group Management, LLC and Reed Group, Ltd. consent to this removal and have executed the Consent to Removal attached as **Exhibit 3**.

WHEREFORE, Notice is given that this action is removed from the Nelson Circuit Court to the United States District Court for the Western District of Kentucky, Louisville Division.

Dated this 22nd day of October, 2020.

    Respectfully Submitted,


    */s/Bardia Sanjabi*_____
    Bardia Sanjabi
    Kentucky State Bar No. 97335
    GREENBERG TRAURIG, LLP
    3333 Piedmont Road, NE
    Suite 2500
    Atlanta, GA  30305
    Phone: 678.553.2100
    Fax: 678.553.2212
    Email: sanjabib@gtlaw.com

    Richard C. McCrea, Jr. (*pro hac vice forthcoming*)
    GREENBERG TRAURIG, P.A.
    101 East Kennedy Boulevard
    Suite 1900
    Tampa, FL 33602
    Phone: 813.318.5700
    Fax: 813.318.5900
    Email: mcrear@gtlaw.com

    Stephanie D. Ahmad (*pro hac vice forthcoming*)
    GREENBERG TRAURIG, LLP
    1900 University Avenue
    5th Floor
    East Palo Alto, CA 94303
    Phone: 650.328.8500
    Fax: 650.328.8508
    Email: ahmads@gtlaw.com

## <ins>CERTIFICATE OF SERVICE</ins>

This is to certify that I have this day served a copy of the within and foregoing NOTICE

OF REMOVAL upon counsel of record by United States Mail to:

ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
M. AUSTIN MEHR
Email: amehr@austinmehr.com
Mehr, Fairbanks & Peterson
Trial Lawyers, PLLC
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: 859-225-3731
Facsimile: 859-225-3 83 0
*Attorneys for Plaintiff*


10355 Westmoor Drive
Westminster, CO 80021
*Reed Group Management, LLC and*
*Reed Group, Ltd.*

This 22nd day of October, 2020.

/s/Bardia Sanjabi
Counsel for Amazon, Inc.

4824-9239-9815, v. 1